LEE T. PATERSON (SBN: 41004)
lpaterso@winston.com
AMANDA C. SOMMERFELD (SBN: 185052)
asommerf@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213.615.1700
Facsimile: 213.615.1750

PATRICIA T. STAMBELOS, ESQ. (SBN: 166998)
Assistant General Counsel
Patricia.stambelos@skywest.com
SkyWest Airlines, Inc.
444 S. River Road
Saint George, UT 84790
Telephone: 310:995.3079
Facsimile: 435.634.3306

Attorneys for Defendant
SKYWEST AIRLIENS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BLACKWELL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California's<br><br>Plaintiffs,<br><br>vs.<br><br>SJYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100 inclusive,<br><br>Defendant. | Case No. 06CV 0307<br><br>Assigned For All Purposes To The Honorable Dana M. Sabraw<br><br>**DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date: December 21, 2007<br>Time: 1:30 p.m.<br>Ctrm: 10 |

# I. INTRODUCTION

Removal jurisdiction of this wage and hour "class action" was properly vested with this Court under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1446. Although this Court concluded that plaintiff Tiffany Blackwell ("Blackwell") did not establish that her claims should be certified as a class action, that decision does not divest this Court of subject matter jurisdiction, nor require remand to the Superior Court. The language of the Class Action Fairness Act of 2005 ("CAFA"), the legislative history of CAFA, and the weight of persuasive authority interpreting jurisdiction under CAFA, all demonstrate that Blackwell's case can and should remain with this District Court.

# II. PROCEDURAL BACKGROUND

On January 3, 2006, Blackwell filed her original Complaint in San Diego Superior Court, alleging the following causes of action: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide minimum wages; (4) unlawful deductions from wages; and (5) unfair business practices in violation of Business & Professions Code § 17200, *et seq.* SkyWest timely removed the action to this Court on February 9, 2006, pursuant to CAFA.

After extensive discovery, Blackwell moved to certify five classes: (1) all "'Agents' who were not provided [by Defendant] with a 30 minute uninterrupted meal period within the first five hours of any shift worked and who were also not [subsequently] paid one hour of pay at the employee's regular rate of compensation for each missed or short meal period;" (2) all "'Agents' who did not receive accurate itemized wage statements reflecting total hours worked as a result of Defendant's 'auto-deduct' meal period policy;" (3) all "'Agents' who were not paid [premium] overtime compensation [by Defendant] for work accomplished between the eighth and tenth hours in a workday because Defendant designated these shifts as 'alternative workweek schedule' shifts;" (4) all "'Agents' who were not paid [premium] overtime compensation [by Defendant] for work in excess of eight hours per workday because of Defendant's policy of not paying daily overtime for work performed as a result of a 'voluntary shift trade;'" and (5) all "'Agents' who had portions of their wages withheld [by Defendant] for travel benefits, even though they did not expressly authorize Defendant, in writing, to withhold said portions...." (Order Denying Plaintiff's Motion For

1

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Certification, 4:5-19) (*see* Court Document No. 65.) The Court denied her motion on August 30, 2007, finding, *inter alia*, that individual issues predominated over common questions.

After the denial of her motion for class certification, Blackwell sought leave to amend her Complaint to join 50 additional co-plaintiffs and to add four new causes of action. The new causes of action include: (1) failure to pay straight time wages; (2) failure to provide paid rest periods; (3) failure to timely furnish accurate itemized wage statements; and (4) violations of California Labor Code § 203. Before deciding plaintiff's motion for leave to amend, the Court requested briefing on the Court's continued jurisdiction after the denial of Blackwell's class certification motion.

## III. ARGUMENT

**A.   THIS COURT RETAINS JURISDICTION OVER BLACKWELL'S CASE BECAUSE JURISDICTION IS DETERMINED BASED ON THE STATE OF FACTS THAT EXISTED AT THE TIME THE COMPLAINT WAS FILED, AND SUBSEQUENT EVENTS DO NOT DIVEST THE COURT OF JURISDICTION**

The United States Supreme Court has consistently held that, "for purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court...." Wisconsin Dept of Corrections v. Schacht, 524 U.S. 381, 390, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S. Ct. 586, 82 L. Ed. 845 (1938); Republic National Bank of Miami v. United States, 506 U.S. 80, 88, 113 S. Ct. 554, 121 L. Ed. 2d 474 (1992)(same); Rockwell Intern. Corp. v. United States, -- U.S. --, 127 S. Ct. 1397, 1409, 167 L. Ed. 2d 190 (2007)(same). Where a *later* event would theoretically destroy previously existing diversity jurisdiction, for example, if there were a change in citizenship of a party, "or a subsequent reduction of the amount at issue below jurisdictional levels," a federal court "will keep a removed case." Wisconsin Dept of Corrections v. Schacht, *supra,* 524 U.S. at 391 (citing St. Paul Mercury Indemnity Co., *supra*, 303 U.S. at 293-5); *see also*, Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 570-1, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004) (referring to this "time-of-filing rule" as "hornbook law.")

As discussed below, this "time-of-filing rule" applies equally to class actions, such as this one, that were removed under CAFA.

2

### 1. In Enacting CAFA, The Legislature Intended For Courts To Follow The Time-Of-Filing Rule Providing That Federal Courts Retain Jurisdiction Over Class Actions Once They Are Properly Removed Under CAFA

CAFA amended the traditional rules regarding the diversity jurisdiction afforded by 28 U.S.C. § 1332 to include certain actions that are *filed* as class actions. CAFA broadly defines the reach of diversity jurisdiction over "class actions" that meet minimum diversity requirements, and concern 100 or more putative class members and an amount in controversy of at least $5,000,000. "Class actions" are defined by the statute to include "any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332 (d)(1)(B).

In enacting CAFA, and as reflected in the Senate Committee Report, the United States Congress clearly intended for CAFA jurisdiction to be determined first, *and finally*, at the time of removal, based on the facts that exist at the time the Complaint is filed:

> The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot "oust" the federal court of jurisdiction. *See, e.g.,* St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.

S.R. 109-14, p. 43. By relying explicitly on the premise of St. Paul Mercury Indem. Co. v. Red Cab Co., Congress has signaled an acceptance of the principle therein – that jurisdiction in CAFA class actions is determined based on the facts as they exist at the time that the Complaint is filed. Thus, if jurisdiction was proper at the time the Complaint was filed, and, as discussed below, it was, then subsequent events such as a denial of class certification do not divest the federal court of jurisdiction over the case.

### 2. Blackwell's Case Was Properly Removed Under CAFA Because Diversity Jurisdiction Existed At The Time That The Action Was Filed

In her Complaint, Blackwell clearly *alleged* the existence of a class action that, had she prevailed in her motion for class certification, would have met the prerequisites of a "class action" under CAFA. (Complaint, ¶ 14) Indeed, she has *never* contended that there were less than 100 putative class members,[1] that minimum diversity was not present, or that the amount *in controversy* was less than $5,000,000. This Court had removal jurisdiction over the action as a result of SkyWest's timely removal petition filed under 28 U.S.C. §§ 1332 and 1446, and Blackwell has never contended otherwise. The Court's subsequent denial of her motion for class certification does not alter the operative allegations in her Complaint that established diversity jurisdiction at the time that it was filed.

### B. DISTRICT COURTS CONSIDERING JURISDICTION AFTER DENIAL OF CLASS CERTIFICATION HAVE FOLLOWED THE TIME-OF-FILING RULE IN RETAINING JURISDICTION

No circuit court has addressed the precise issue of continued jurisdiction under the relatively new CAFA statute after denial of class certification. However, several district courts have examined the issue of whether events subsequent to removal under CAFA have divested the district court of jurisdiction. These cases conclude, in accordance with the legislative intent outlined above, that jurisdiction is in fact retained. For example, in Genenbacher v. Century Tel Fiber Co. II, LLC, 500 F. Supp. 2d 1014, 1016 (C.D. Ill. 2007), the District Court denied the plaintiff's motion for class certification and instructed the parties to submit memoranda concerning whether the Court retained subject matter jurisdiction over the action. The Court subsequently concluded:

> This case is fundamentally based on diversity jurisdiction. CAFA changed the requirements for meeting diversity jurisdiction for class actions, but did not establish a new basis for jurisdiction. Diversity jurisdiction is determined at the time the complaint is filed. Subsequent changes to the residency of the parties or the amount in controversy does not destroy diversity jurisdiction." (Citations omitted.) At the time of the

---

[1] In fact, Blackwell alleged that there were more than 1,000 class members in her Complaint. (Complaint, ¶ 14)

4

> filing, the Complaint alleged facts that invoked this Court's removal
> jurisdiction based on diversity of citizenship under CAFA. The
> subsequent reduction in the amount in controversy and elimination of the
> class claims does not remove that diversity jurisdiction.

Id. at 1015. The Court also noted that the denial of a class certification motion is interlocutory in nature, and thus the Court could reconsider its ruling, or the plaintiffs could renew their motion for class certification based on new evidence. Id. at 1017. Indeed, the Genenbacher Court recognized the potential for circular proceedings between the state and federal courts, absent the federal court's retention of the case:

> If the matter were remanded to state court, the Genenbachers could renew
> the class certification motion in state court. That would place the state
> court in the difficult position of deciding the effect of this Court's
> interlocutory order. LightCore also might attempt to remove the case
> again. This would raise issues about whether the second removal would be
> timely or otherwise appropriate. Given that there is no final judgment on
> the class claims at this time, this Court should retain jurisdiction.

Id. at 1017, fn. 3. The potential for this procedural double round-robin, and the inefficient use of private and judicial resources that would accompany it, are equally present in this case.[2] Since Blackwell's class claims are not finally resolved until a judgment is entered, they remain a part of the case and subject to this Court's jurisdiction until final judgment. Id.

Jurisdiction was also retained in Garcia v. Boyar & Miller, P.C., 2007 U.S. Dist. LEXIS 39072 (N.D. Tex. 2007). In that case, the plaintiffs sought to withdraw their class action allegations and asked the Court to remand the action back to state court, stating unequivocally that they could

---

[2] In addition, the potential for inconsistent results that could occur if a remand resulted in the procedural posture described above appears to be the very type of inconsistency and unfairness that the Legislature sought to avoid when it enacted CAFA in the first place. *See*, Senate Committee on the Judiciary Report, 109-14, at p. 4. ("A mounting stack of evidence…demonstrates that abuses are undermining the rights of both plaintiffs and defendants. One key reason for these problems is that most class actions are currently adjudicated in state courts, where the governing rules are applied inconsistently (frequently in a manner that contravenes basis fundamental fairness and due process concerns)….") Indeed, "one of the primary historical reasons for diversity jurisdiction 'is the reassurance of fairness and competence that a federal court can supply to an out-of-state defendant facing suit in state court.'" Id. at p. 5 (citation omitted.) SkyWest is in fact an out-of-state defendant that sought removal of this action under CAFA for these very reasons. It is inconceivable that the Legislature intended to afford federal court jurisdiction *only so far as a defendant prevailed in establishing that class action treatment is not appropriate, at which time the case would be remanded for perhaps another round of class certification proceedings before the state court.*

*not* establish the requisite elements of a class action under Rule 23 of the Federal Rules of Civil Procedure. Id. at *8-9. The District Court rejected this argument, concluding that "class certification is neither a requirement for removal nor a prerequisite for federal jurisdiction under CAFA," citing 28 U.S.C. § 1332 (d)(8), which provides, "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that action." The Court added, "this court's jurisdiction under CAFA is not contingent on whether the case can be certified as a class action. CAFA itself certainly imposes no such requirement. It speaks in terms of removal based on how the case is filed –whether under Rule 23 or a similar state statute or rule." Id. at *19-20. Blackwell filed this action as a class action and SkyWest removed it under CAFA, giving this Court proper jurisdiction over this case despite the subsequent denial of class certification.

The Northern District of Ohio also reached a similar result in In re Welding Fume Products Liability Litigation, 245 F.R.D. 279, 2007 U.S. Dist. LEXIS 69779, *137-8 (N.D. Ohio 2007) (requesting briefing on, but ultimately retaining, jurisdiction after denying motion for class certification, concluding that the original CAFA basis for jurisdiction remained valid).[3]

In Colomar v. Mercy Hosp., Inc., 2007 U.S. Dist. LEXIS 52659 (S.D. Fla. 2007), the District Court came to the same conclusion that jurisdiction was not lost after denial of class certification. There, while facing a motion for summary judgment, the plaintiff argued that jurisdiction in the District Court was lost after her motion for class certification was denied and the only diverse defendant was dismissed. The Court disagreed, concluding that "case developments subsequent to removal do not alter the courts' CAFA jurisdiction, if jurisdiction was proper at the time of removal." Id. at *8. (Citations omitted.) The Court added that, "[t]o litigate the case up to the eve of trial, and then to seek remand after adverse rulings have issued and summary judgment is briefed, equates to a forum shopping which the traditional rules of removal and remand are designed to preclude." Id. at *9. The same concerns apply here. Blackwell filed this action nearly two years ago, on January 3, 2006, and the parties have engaged in extensive discovery. This Court is familiar with the parties and the issues presented. SkyWest is preparing to file a motion for summary judgment addressing

---

[3] Later proceedings granting the defendant's motion for summary judgment are found at 2007 U.S. Dist. LEXIS 80806 (N.D. Ohio, Oct. 30, 2007).

DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION     06cv 0307

several issues of federal concern. This Court is and remains the proper forum for this case and remand would be improper.

C. **CASES CONCLUDING THAT FEDERAL COURT JURISDICTION IS LOST AFTER DENIAL OF CLASS CERTIFICATION ARE NOT PERSUASIVE**

Admittedly, the decisions evaluating CAFA jurisdiction post class certification denial are not unanimous in concluding that jurisdiction remains. *See, e.g.,* McGaughey v. Treistman, 2007 U.S. Dist. LEXIS 126 (S.D.N.Y. 2007) and Arabian v. Sony Electronics, Inc., 2007 U.S. Dist. LEXIS 67769 (S.D. Cal. 2007). However, cases such as McGaughey have found jurisdiction lacking after denial of a class certification motion with little or no analysis of CAFA, instead apparently assuming that the remaining individual plaintiff must meet the traditional diversity requirements, including an individual amount in controversy of $75,000. ("Because Plaintiff has failed to put forth a single fact relevant to his remaining individual action against Defendant that meets the $ 75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a), this Court loses subject matter jurisdiction over Plaintiff's individual action pursuant to the general federal diversity statute.") In contrast, the analysis set forth above in Genenbacher, Garcia and Colomar, is founded on the long standing "time-of-filing" rules set forth in the Supreme Court authorities set forth in Section III.A, above, as well as reasoned interpretations of the language and intent of CAFA itself, and not on assumptions about the lack of jurisdiction once circumstances post-removal have changed.[4]

In Arabian v. Sony Electronics, the Court relied on McGaughey and concluded, "[b]y denying class certification and subsequently finding that there is no reasonably foreseeable possibility that [plaintiff] will be able to represent a certified class of FX purchasers, this Court has essentially found that there is not –and never was–diversity jurisdiction over [plaintiff's] claim pursuant to CAFA.") The logic of Arabian is circular. It suggests that if a plaintiff does not ultimately convince the Court that certification is appropriate, *then the Court never had jurisdiction in the first place.* Moreover, that logic leads directly into the procedural ping pong between state and federal courts that Genenbacher recognized was untenable, because the case would be remanded

---

[4] Indeed, the Genenbacher Court expressly disagreed with the analysis in McGaughey, finding that it conflicted with the Supreme Court's holding in St. Paul Mercury Indemnity Co. v. Red Cab., *supra*, 303 U.S. at 291.

7

back to state court, where the plaintiff could make a second motion for class certification, which could lead the defendant to seek to remove once again.[5] Such an unusual result certainly was not the intent of Congress when it enacted CAFA. It also contradicts the express provision of CAFA, which affords diversity jurisdiction to "class actions" and then defines "class actions" as "any civil action *filed* under rule 23 ... or similar State statute... as a class action." 28 U.S.C. § 1332 (d)(1)(B) (emphasis added.) Had Congress intended for the result reached in Arabian, it would have enacted a bill that defined "class actions" as those that are "*certified* under rule 23...."

The long standing rule regarding diversity jurisdiction is that jurisdiction is determined at the time of filing. Wisconsin Dept of Corrections v. Schacht, *supra*, 524 U.S. at 390; St. Paul Mercury Indemnity Co. v. Red Cab Co., *supra*, 303 U.S. at 291; Grupo Dataflux v. Atlas Global Group, *supra*, 541 U.S. at 570-1. The legislative history and the express language of CAFA support that conclusion as well. Consequently, this Court properly retains jurisdiction under CAFA even though it has determined that class action status is not appropriate.

## IV. CONCLUSION

This class action was properly removed by SkyWest under CAFA, and CAFA jurisdiction remains despite the denial of Blackwell's motion for class certification. SkyWest respectfully requests that this Court reject Blackwell's request to remand the action to the San Diego Superior Court.

Dated: December 6, 2007

WINSTON & STRAWN LLP
LEE T. PATERSON
AMANDA C. SOMMERFELD


By:    s/Amanda C. Sommerfeld
       Amanda C. Sommerfeld
       Attorneys for Defendant
       SKYWEST AIRLINES, INC.

---

[5] Followed to its logical conclusion, the reasoning of Arabian would therefore also suggest that any other orders previously entered by the Court were entered without jurisdiction and were void *ab initio*.

8

DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION    06cv 0307

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I electronically filed DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| John P. Dorigan<br>Law Offices of John P. Dorigan<br>82237 Odlum Street<br>Indio, CA 92201 | Counsel for Plaintiffs |
| Kevin T. Barnes<br>Gregg Lander<br>LAW OFFICES OF KEVIN T. BARNES<br>5670 Wilshire Boulevard, Suite 1460<br>Los Angeles, CA 90036-5627 | Counsel for Plaintiffs |

I further certify that I caused DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION and the notice of electronic filing to be delivered via first class mail to the following non-CM/ECF participant:

| | |
|---|---|
| Patricia T. Stambelos, Esq.<br>Assistant General Counsel<br>SkyWest Airlines, Inc.<br>444 S. River Road<br>Saint George, UT 84790 | Counsel for Defendants |

*Margo J. Hagin*
Margo J. Hagin

LA:191528.1