1  LEE T. PATERSON (SBN: 41004)
   lpaterso@winston.com
2  AMANDA C. SOMMERFELD (SBN: 185052)
   asommerf@winston.com
3  WINSTON & STRAWN LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone: 213.615.1700
5  Facsimile: 213.615.1750

6  PATRICIA T. STAMBELOS, ESQ. (SBN: 166998)
   Assistant General Counsel
7  patricia.stambelos@skywest.com
   SKYWEST AIRLINES, INC.
8  444 S. River Road
   Saint George, UT 84790
9  Telephone: 310.995.3079
   Facsimile: 435.634.3306

10
   Attorneys for Defendant
11 SKYWEST AIRLINES, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY BLACKWELL, individually, and on behalf of all other similarly situated current and former employees of Defendants in the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100 inclusive,<br><br>Defendant. | **Case No. 06CV 0307**<br><br>**DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

## I. INTRODUCTION

SkyWest Airlines, Inc. ("SkyWest") contends that this Court need not decide whether diversity jurisdiction applies to Plaintiff Tiffany Blackwell's ("Blackwell") individual case because the Court retains jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). Nonetheless, aside from CAFA, the citizenship of the parties and the amount in controversy in her individual case do, in fact, meet the requirements for federal diversity jurisdiction under 29 U.S.C. § 1332. As explained below, federal jurisdiction is proper because this action is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Blackwell claims that the amount in controversy is far less then $75,000, but she carefully avoids providing any damages calculations or making any representations that would limit the amount of damages she intends to argue at trial. Importantly, she also fails to inform this Court that she intends to seek an award of attorneys' fees if she prevails in her claims brought under the California Labor Code. Under well settled authority, statutory attorneys' fees, such as those that are at issue in this case, *must* be included in the amount in controversy analysis. Because federal jurisdiction is proper, this case should not be remanded.

## II. PROCEDURAL BACKGROUND

On January 3, 2006, Blackwell filed her original Complaint in San Diego Superior Court, alleging the following causes of action: (1) failure to pay overtime wages; (2) failure to provide meal periods; (3) failure to provide minimum wages; (4) unlawful deductions from wages; and (5) unfair business practices in violation of Business & Professions Code § 17200, *et seq*. SkyWest timely removed the action to this Court on February 9, 2006, pursuant to CAFA.

After extensive discovery, Blackwell's Motion For Class Certification was filed and denied. After the denial of her Motion, Blackwell sought leave to amend her Complaint to join 50 additional co-plaintiffs and to add four new causes of action.

1

The new causes of action include: (1) failure to pay straight time wages; (2) failure to provide paid rest periods; (3) failure to timely furnish accurate itemized wage statements; and (4) violations of California Labor Code § 203. Before deciding Blackwell's motion for leave to amend, the Court requested briefing on the Court's continued jurisdiction after the denial of Blackwell's class certification motion. On December 18, 2007, this Court also requested supplemental briefing on the Court's continued jurisdiction in the event it finds that it does not have continued jurisdiction under CAFA.

## III. ARGUMENT

### A. THIS COURT SHOULD FOLLOW THE MAJORITY VIEW AND HOLD THAT JURISDICTION UNDER CAFA IS RETAINED, WITHOUT REGARD TO WHETHER THERE IS DIVERSITY JURISDICTION OVER BLACKWELL'S INDIVIDUAL CLAIMS

SkyWest stands firmly in its contention that this Court retains jurisdiction over Blackwell's individual claims under CAFA, despite the denial of class certification. The rule of 28 U.S.C. § 1447(c), that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," which was added in 1988 and is relied on exclusively by Blackwell, does not require remand. As noted by Moore's Federal Practice Guide, the Supreme Court has consistently held that if jurisdiction exists at the time the action is commenced, it is not divested of jurisdiction as a result of subsequent events.

> Removability is ordinarily determined as of the date the notice of removal is filed. If the amount in controversy exceeds the jurisdictional minimum at that time, the plaintiff's subsequent reduction of the amount in controversy does not deprive the federal court of jurisdiction. Some district courts have held to the contrary that a post-removal stipulation lowering the amount in controversy to below the jurisdictional minimum deprives the federal court of jurisdiction, sometimes reasoning that the 1988 amendment to 28 U.S.C. Section 1447(c) superseded the previous rule. However, this reasoning has been expressly rejected by the Sixth

2

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Circuit and at least one district court. Moreover, since the 1988 amendment (although without reference to it), the Supreme Court has remarked that it has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."

16-107 Moore's Federal Practice - Civil § 107.41 (citations reflecting both the majority view (jurisdiction retained) and the minority view (jurisdiction not retained) are omitted). This Court should follow the majority view and conclude that events subsequent to removal do not deprive it of jurisdiction. However, if the Court concludes otherwise, then there is in fact diversity jurisdiction over Blackwell's individual claims against SkyWest, and thus the case should not be remanded.

**B.     THIS COURT RETAINS DIVERSITY JURISDICTION OVER BLACKWELL'S CASE BECAUSE IT IS A CIVIL ACTION BETWEEN CITIZENS OF DIFFERENT STATES IN WHICH THE AMOUNT IN CONTROVERSY EXCEEDS THE SUM OF $75,000**

This action is a civil action of which this Court has original diversity jurisdiction under 29 U.S.C. § 1332. The state court action was, and is, properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**1.     The Parties' Citizenship**

There is no dispute that there is complete diversity of citizenship because the operative parties, Blackwell and SkyWest, are citizens of different states. As set forth in SkyWest's Notice to Federal Court of Removal of Civil Action from State Court pursuant to 28 U.S.C. Sections 1332(d), 1441, and 1446 (the "Removal"), filed on February 10, 2006, Blackwell was employed in and worked for SkyWest in the State of California during the entire course of her employment with SkyWest. (*See* Removal, ¶ 10; Declaration of Joshua Campbell ("Campbell Decl.") filed concurrently therewith, ¶ 3.) In addition, at the time of the filing of the Removal, Blackwell's last

3

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1 known residence was located in Yucca Valley, California. (Id.)  It is SkyWest's
2 understanding, based on events in this litigation, that she was at the time this action
3 was filed, and currently is, a resident of the State of California.

Moreover, SkyWest was and is incorporated in the State of Utah.  (*See*
Removal, ¶ 12; Campbell Decl., ¶ 2.)  SkyWest's principal place of business was and
is located in St. George, Utah, and it maintains its executive and administrative
headquarters in Utah. (Id.)  In addition, SkyWest maintains its largest and busiest hub
at the Salt Lake City International Airport in Utah, and its next largest hub at the
Denver International Airport in Colorado, followed by its hub at Chicago's O'Hare
Airport in Illinois. (Id.)  It is thus quite clear that the parties were, and are, citizens of
different states.

**2.     Amount in Controversy**

Based on the claims alleged in Blackwell's Complaint, and as discussed in
detail below, Blackwell's amount in controversy far exceeds $75,000, exclusive of
interest and costs.

a.     Compensatory Damages

Generally, Blackwell alleges that she:  (1) was not paid for all wages due,
including wages for time that she was required to work through meal periods; (2) that
she was denied rest periods; (3) that she was unlawfully denied overtime pay as a
result of shift trades and alternative workweek schedules; and (4) that she was
subjected to unlawful deductions for travel benefits that she used while she was
employed by SkyWest.  As discussed below, she also seeks to recover penalties and
attorneys' fees that are recoverable under the California Labor Code.

Based on Blackwell's payroll records and her deposition testimony, in which
she claimed that she never received *any* breaks during the entire class period (except
for two meal periods), SkyWest calculates that, if Blackwell's allegations are proven
to be true, then her compensatory damages for wages and penalties, *exclusive* of
interest and attorneys' fees, are approximately $ 13,237.97. (Declaration of Amanda

4

C. Sommerfeld ("Sommerfeld Decl."), ¶ 6.)

      b.    <u>Attorneys' Fees</u>

In her Complaint, Blackwell requests attorneys' fees under the California Labor Code. (Complaint, Prayer for Relief, ¶ 11.) It is well settled that, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees must be included in the amount in controversy." <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998); <u>Bell v. Preferred Life</u>, 320 U.S. 238 (1943); <u>Guglielmino v. McKee Foods Corp.</u>, 2007 U.S. App. LEXIS 23654, *12, 13 (9th Cir. Oct. 9, 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."); <u>Kroske v. US Bank Corp.</u>, 432 F.3d 976, 980 (9th Cir. 2005) ("The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.")

Although Blackwell omits any discussion of attorneys' fees, they are in fact recoverable as an item of Blackwell's damages, pursuant to her claims under California Labor Code sections 218.5, 226 (g), and 1194.[1] Accordingly, the amount of attorneys' fees that have been incurred in the prosecution of her individual Labor Code claims, and which will be incurred in the future for those claims, must be included in the amount in controversy.

As detailed below, SkyWest estimates that, if in fact Blackwell were to prosecute this case through trial, and if she were to prevail, then she would request as damages an amount of attorneys' fees under Labor Code § 218.5 that would exceed $75,000.

---

[1] Labor Code section 218.5 allows for the recovery of attorneys' fees in any action brought for the nonpayment of wages, except for those claims brought under Labor Code section 1194. Labor Code section 226(g) authorizes an employee to recover attorneys' fees if she prevails in a wage statement claim brought under section 226. Labor Code section 1194 authorizes an employee to recover her attorneys' fees if she prevails in an action for unpaid wages.

5

DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER REQUESTING
SUPPLEMENTAL BRIEFING        06cv 0307

i. *If She Prevails, It Is Expected That Blackwell Will Request An Award Of Attorneys' Fees Of At Least $28,655 For Work Performed On Her Individual Case Thus Far*

Although Blackwell did not prevail in her effort to prosecute this case as a class action, and therefore the overwhelming majority of the attorneys' fees her counsel have incurred will not be recoverable, there are some attorneys' fees that were incurred that would apply equally to her individual case. Conservative time estimates for these events, based on SkyWest's counsel's experience with both single and multi-plaintiff wage and hour lawsuits, are set forth below. Estimates of Blackwell's current counsel's hourly rates are based on the hourly rates Blackwell's counsel sought to recover in another wage and hour class action earlier this year.[2] Estimates of the rates expected to be requested on behalf of Blackwell's former counsel are based on the hourly rates of Blackwell's current counsel.[3]

| Event | Time Estimated | Rate | Fees Estimated |
|---|---|---|---|
| Complaint | 8 hours | $600 | $4,800 |

---

[2] In another case that was prosecuted by Blackwell's counsel that involved different parties, Clark v. American Residential Services, L.L.C., Los Angeles County Superior Court Case No. BC332632, Kevin T. Barnes, submitted a declaration stating that his hourly rate for wage and hour class action litigation is $600.00 per hour, and the hourly rate for Gregg Lander is $485.00 per hour. (Sommerfeld Decl., ¶ 2, Ex. A, at ¶ 16.) Although SkyWest would challenge these hourly rates as unreasonable, it is expected that these are the hourly rates that Blackwell will *request* from the Court if she were to prevail in this action, and therefore they must be included in the amount in controversy.

[3] From the filing of Blackwell's Complaint on January 3, 2006 until November 3, 2006, Blackwell was represented by the law firm of Pope, Berger & Williams, LLP. SkyWest estimates that the hourly rate that Blackwell will request for work performed by Harvey C. Berger, a founding partner of the firm who has over 20 years of litigation experience, a 1981 graduate of University of San Diego School of Law, one of the top ten employment attorneys in San Diego County, and one of San Diego's "Super Lawyers," is similar to that of Mr. Barnes, at $600.00 per hour. (Sommerfeld Decl., ¶¶ 3, 5.) SkyWest further estimates that the hourly rate that Blackwell will request for work performed by Timothy G. Williams, a partner of the firm who has over 10 years of litigation experience, a 1996 graduate of South Texas College of Law, and who was nominated for, and voted a semi-finalist as, one of the top employment attorneys in San Diego by fellow employment attorneys, is similar to that of Mr. Lander, at $485.00 per hour. (Sommerfeld Decl., ¶¶ 4, 5.)

| | | | |
|---|---|---|---|
| Blackwell's Initial Disclosures[4] | 10 hours | $485 | $4,850 |
| Blackwell's ENE Brief | 5 hours | $485 | $2,425 |
| Propounded Interrogatories[5] | 1 hour | $485 | $485 |
| Propounded Document Demands | 3 hours | $485 | $1,455 |
| Response to Document Demands | 8 hours | $485 | $3,880 |
| Blackwell's Deposition[6] | 16 hours | $485 | $7,760 |
| Deposition of Palm Springs Manager | 5 hours | $600 | $3,000 |
| | | | $28,655 |

These estimates do not include any review or analysis of documents produced by SkyWest, depositions of anyone other than Blackwell's former manager, and review or analysis of responses to that discovery, or any analysis or investigation into Blackwell's case. Although it is expected that Blackwell would seek to recover some amount of fees for those events, they cannot be reasonably estimated at this time by SkyWest.

    ii. *If She Prevails, It Is Also Expected That Blackwell Will Request An Award Of Attorneys' Fees Of At Least $120,050 For Work That Will Necessarily Be Performed Through The Trial*

In addition to fees already incurred, Blackwell will necessarily incur legal fees in the future. For example, SkyWest intends to file a motion for summary judgment briefing several federal questions, including arguments that certain of the California Labor Code violations alleged by Blackwell: (1) are preempted by the Railway Labor

---

[4] This includes the early meeting of counsel, preparation of the Rule 26f Report and preparation of the initial disclosures.
[5] The estimates for the interrogatories and the document demands are based on the amount of time counsel for Plaintiff would have spent for Plaintiff's individual case.
[6] This includes two days of deposition and drive time to/from the deposition in Palm Springs for the second day. The first day was defended by Blackwell's local counsel, but the second day was defended by Mr. Lander, who is located in Los Angeles. It does not include preparation with Blackwell in advance of the depositions, although a reasonable expectation would be 4 to 6 hours of preparation.

DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER REQUESTING
SUPPLEMENTAL BRIEFING    06cv 0307

Act (the "RLA"); (2) are preempted by the Airline Deregulation Act (the "ADA"); and (3) are impliedly preempted by the Commerce Clause.[7] Counsel for SkyWest estimates that Blackwell's counsel will spend approximately 60 hours in order to prepare and file a brief and evidence in opposition to the motion, and to appear at the hearing on SkyWest's motion for summary judgment. This includes 40 hours by Mr. Lander in preparing the opposition brief and evidence, and 20 hours by Mr. Barnes to revise the brief, prepare for, travel to, and appear at, the hearing on the matter. Based on these estimates, it will cost approximately $31,400 for Blackwell to oppose SkyWest's motion for summary judgment.

If Blackwell's case is not dismissed as a result of Blackwell's motion for summary judgment, then the parties will prepare for trial. Below are reasonable time and fee estimates for a trial of Blackwell's individual claims.

| Event | Time Estimated | Rate | Fees Estimated |
|---|---|---|---|
| Pre-trial documents[8] | 30 hours | $485 | $14,550 |
|  | 15 hours | $600 | $9,000 |
| Trial Preparation[9] | 20 hours | $485 | $9,700 |
|  | 20 hours | $600 | $12,000 |

---

[7] Consequently, there is a federal interest in this case that should not be relegated to the state courts. The RLA, the Federal Aviation Act, the ADA, and the Commerce Clause are the controlling laws of this case and these important issues for interstate air carriers such as SkyWest should be adjudicated by the federal courts, which are more apt to apply uniform rules of law than state courts.
 Prior to the date Blackwell filed her initial Complaint, summary judgment was entered in SkyWest's favor in a similar case, Fitz-gerald v. SkyWest Airlines, Inc. There, the trial court found that the RLA, ADA and Commerce Clause preempted California Labor laws related to minimum wages, overtime wages, meal and rest periods, waiting time penalties and unfair business practices – the same state wage and hour laws that have been pled here. Most of these rulings were upheld on appeal. *See* Fitz-gerald v. SkyWest Airlines, Inc., 155 Cal. App. 4th 411 (2007).
 Here, Blackwell artfully pled around the relevant federal labor law in order to avoid federal court. Because removal under CAFA was obvious and unchallenged, there has been no need for defendant to raise federal questions as an additional basis for subject matter jurisdiction. However, there are ample federal questions upon which this case turns for this Court to consider.
[8] This includes a Memorandum of Contentions of Fact and Law, Exhibit List, Witness List, Jury Instructions and Special Verdict.
[9] This includes preparing Blackwell to testify and preparing the direct and cross examinations of all witnesses.

8
DEFENDANT SKYWEST AIRLINES, INC.'S RESPONSE TO ORDER REQUESTING
SUPPLEMENTAL BRIEFING                                                                06cv 0307

| | | | |
|---|---|---|---|
| Trial[10] | 40 hours | $485 | $19,400 |
| | 40 hours | $600 | <u>$24,000</u> |
| | | | $88,650 |

The sum total of the attorneys' fees that it is expected would be *requested* by Blackwell's counsel, if she ultimately prevails in this action after trial, is more than the $148,705 set forth above. These estimates demonstrate that the amount in controversy is well over the $75,000 required for diversity jurisdiction.

## IV. CONCLUSION

Even if the Court does not retain jurisdiction under CAFA, this Court has federal diversity jurisdiction over Blackwell's individual claims. Accordingly, SkyWest respectfully requests that this Court reject Blackwell's request to remand the action to the San Diego County Superior Court.

DATED: December 24, 2007

WINSTON & STRAWN
LEE T. PATERSON
AMANDA C. SOMMERFELD

By: <u>   s/Amanda C. Sommerfeld   </u>
Attorneys for Defendant
SKYWEST AIRLINES, INC.

---

[10] This assumes a 4 day trial and that both Mr. Lander and Mr. Barnes are present each day in Court. It is further assumed that each day of trial will require approximately seven hours in Court, and additional preparation time outside of Court for three additional hours per day.